In the Matter of the Application of THOMAS F. WOGAN, Respondent, v. S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of

New York, Being the Board of Canvassers of the City of New York; and the Inspectors of the Boards of Elections in All of the Election Districts Comprising the Ninth Assembly District, County of Kings, City and State of New York (and Thomas J. McGee, Viola K. King, Appellants), Respondents, for an Order to Review the Action of the Inspectors of the Boards of Elections in All of the Election Districts Comprising the Ninth Assembly District, County of Kings, City and State of New York, During the Primary Election Held on the 13th day of September, 1934, in the Said Ninth Assembly District, County of Kings, City and State of New York, Pursuant to the Application Made.— Order granting examination, inspection and recanvass of void, wholly blank and protested ballots and the examination of all ballots affirmed, without costs; the examination, inspection and recanvass to proceed at a time to be stated in the order. The many irregularities in the canvass and returns of the votes for Democratic State committeeman in the ninth Assembly district of Kings county, by reason of the erroneous rule adopted by the officials of the primary election in that district, in rejecting, as blank or void ballots, those that bore the names of two male or two female candidates, entitle the respondent Wogan to a recanvass of all void, protested and wholly blank ballots that may be found in separate envelopes or otherwise segregated in the ballot boxes or any other depository, for the purpose of having such irregularities corrected (Election Law, § 330), and, in our opinion, the respondent is also entitled to an inspection, but not a recanvass, of all ballots for the office of State committeeman, to enable the court to determine whether there shall be a new primary election, or for their preservation in view of a prospective contest. (Election Law, § 333; *Matter of Friedman*, 238 App. Div. 341.) We think there was no abuse of discretion by the court at Special Term in granting the respondent such relief. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.